UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES PYLE,

    Plaintiff,

-vs-                                                    CASE NO.:

PROG LEASING, L.L.C.
d/b/a PROGRESSIVE LEASING,

    Defendant

_____/

## COMPLAINT

COMES NOW Plaintiff, JAMES PYLE, by and through the undersigned counsel, and sues Defendant, PROG LEASING, L.L.C., d/b/a PROGRESSIVE LEASING (hereafter referred to as "Defendant"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like PROG LEASING, L.L.C., d/b/a PROGRESSIVE LEASING from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

1

3.       "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.       According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robo-calls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.       This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6.       Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.       Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See

*Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. Venue is proper in this District as Plaintiff resides within this District (Hillsborough County, Florida), the violations described in this Complaint occurred in this District and the Defendant transacts business within Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, PROG LEASING, L.L.C., d/b/a PROGRESSIVE LEASING, is a corporation which was formed in Delaware with its principal place of business located at 10619 South Jordan Gateway, Suite 100, South Jordan, Utah 84095.

14. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15. Defendant called Plaintiff on Plaintiff's cellular telephone approximately 500 times since June 1, 2015, in an attempt to collect a debt.

16. Defendant attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

17. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

18. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (813) ***-5744 and was the called party and recipient of Defendant's calls.

19. Beginning on or about June 1, 2015, Defendant began bombarding Plaintiff's cellular telephone (813) ***-5744 in an attempt to collect on a debt.

20. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to 2 times a day from approximately June 1, 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

21. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C. §227(a)(1) (hereinafter "auto dialer calls"). Plaintiff will testify that Defendant left pre-recorded voice mail messages on his cellular phone in violation of the TCPA.

22. On or about November 2015 Plaintiff first requested that the calls to his cell phone cease. The Plaintiff orally revoked his consent to be called by the Defendant many more times in an effort to stop the collection calls.

23. Each of the auto dialer calls the Defendant made to the Plaintiff's cellular telephone after approximately November 2015, were done so after he had revoked consent.

24. Plaintiff is the regular user and carrier of the cellular telephone number (813) ***-5744, and was the called party and recipient of Defendant's auto dialer calls.

25. The auto dialer calls from Defendant came from the telephone numbers including but not limited to (917) 522-8772 and (401) 473-3725, and when those numbers are called, a pre-recorded voice or a representative answers and identified the company as "Progressive Leasing".

26. Despite the Plaintiff's multiple requests for the calls to stop, the Defendant continued to call the Plaintiff.

27. The Plaintiff received an estimated 500 calls from the Defendant between the time he initially revoked his consent to be called in November 2015 and the filing of this lawsuit, and estimates dozens of other calls before that time period.

28. Despite Plaintiff informing Defendant to stop calling, the Defendant called the Plaintiff repeatedly, including but not limited to calls Plaintiff was able to log on March 8, 2016; March 9, 2016; March 10, 2016 and March 11, 2016.

29. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

30. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Defendant, to remove the number.

31. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff; despite these individuals explaining to Defendant they wish for the calls to stop.

32. Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

33. Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

34. Defendant has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

35. Defendant's corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

36. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

37. Not a single call placed by Defendant to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

38. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

39. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, and aggravation.

## COUNT I
### (Violation of the TCPA)

40. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

41. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

42. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without

Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, PROG LEASING, L.L.C., D/B/A PROGRESSIVE LEASING for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

43. Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-none (39) as if fully set forth herein

44. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

45. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

46. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

47. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, PROG LEASING, L.L.C., d/b/a PROGRESSIVE LEASING for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder

from further violations of these parts and any other such relief the court may deem just and proper.

                              Respectfully submitted,

                              */s/Frank H. Kerney, III, Esquire*
                              Frank H. Kerney, III, Esquire
                              Florida Bar #: 88672
                              Morgan & Morgan, Tampa, P.A.
                              One Tampa City Center
                              201 North Franklin Street, 7th Floor
                              Tampa, FL 33602
                              Telephone: (813) 223-5505
                              Facsimile:  (813) 223-5402
                              fkerney@forthepeople.com
                              jkneeland@forthepeople.com
                              amoore2@forthepeople.com
                              Attorney for Plaintiff